**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLAIBORNE D. ROBERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1042** |
| **UNITED STATES COAST GUARD, UNITED STATES OF AMERICA AND TREVOR J. VALDEZ** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Defendants Trevor J. Valdez and the United States Coast Guard (Doc. 12) filed by Trevor J. Valdez, United States Coast Guard, and the United States. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This matter arises out of a vehicle accident between Plaintiff Claiborne Roberson and Defendant Trevor Valdez on April 10, 2025. Plaintiff brings negligence claims under the Federal Tort Claims Act ("FTCA") against Valdez, the United States Coast Guard ("Coast Guard"), and the United States. Plaintiff alleges Valdez negligently operated his vehicle owned by the Coast Guard while in the course and scope of his employment and that the United States and the Coast Guard negligently supervised, trained, or hired Valdez, causing personal injury damages.

Defendants move to dismiss Plaintiff's claims against Valdez and the Coast Guard pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2679(a) and (d)(1), arguing lack of subject matter jurisdiction. Plaintiff has not filed a response to this motion; thus, the Court will consider it unopposed.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## LAW AND ANALYSIS

Defendants assert that the United States is the sole proper defendant under the FTCA, and, therefore, this Court must dismiss Plaintiff's claims against Defendants Trevor Valdez and the Coast Guard for lack of subject matter jurisdiction. The Court agrees.

The FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides that a suit against the United States is the exclusive remedy for persons with claims for damages resulting from

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

action of federal employees taken within the scope of their office or employment.[4] Once the appropriate authority certifies:

> that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.[5]

"It is beyond dispute that the United States, and not the responsible *agency* or *employee*, is the proper party defendant in a Federal Tort Claims Act suit."[6]

Here, Defendants have filed into the record the appropriate Certification, establishing that Defendant Valdez was acting within the scope of his federal employment at the time of the accident which gave rise to Plaintiff's claims.[7] Plaintiff does not dispute this point, nor does Plaintiff dispute whether the United States alone is the proper Defendant. As such, Plaintiff's FTCA claims against Defendants Valdez and the Coast Guard shall be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss FTCA claims against Defendants Valdez and the United States Coast Guard is **GRANTED**.

---

[4] *See* 28 U.S.C. § 2679(b)(1).

[5] 28 U.S.C. § 2679(d)(1).

[6] Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (emphasis added).

[7] Doc. 12-3, Certification by Assistant United States Attorney and Civil Division Chief for the Eastern District of Louisiana. *See* 28 C.F.R. § 15.4(a) and Justice Manual § 4-5.630 (establishing that the "the United States Attorney for the district where the civil action or proceeding is brought, or any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment").

New Orleans, Louisiana this 18th day of September, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**